**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:03-cr-343-J-32PDB

GINO VELEZ SCOTT

_____

**O R D E R**

This case is before the Court on Defendant Gino Velez Scott's Motion to Correct Sentence Guidelines (Doc. 162) and Motion for New Trial or in the Alternative Evidentiary Hearing (Doc. 164). Scott's first motion asserts that "the New Criminal Justice Legislation signed into law on December 21, 2018 by President Donald Trump" authorizes the Court to correct his sentence. (Doc. 162 at 1). Scott's second motion requests a new trial from his 2004 jury conviction for conspiracy to distribute five kilograms or more of cocaine. (Doc. 164). For the reasons stated below, both motions are due to be denied.[1]

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, made several significant changes to the criminal justice system. Although Scott does not

---

[1] The circumstances of Scott's conviction and lengthy procedural history are explained in detail in this Court's denial of his Motion to Vacate (Doc. 156). Thus, the Court does not repeat it here. See also Scott v. United States, No. 3:03-CR-343-J-32PDB, 2016 WL 323902, at *3 (M.D. Fla. Jan. 27, 2016), aff'd, 890 F.3d 1239 (11th Cir. 2018).

pinpoint under which section he seeks relief, only two could possibly apply. First, § 404 of the First Step Act made retroactive §§ 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2–3, 124 Stat. 2372.

> Sections 2 and 3 of the Fair Sentencing Act reduced statutory penalties for certain offenses involving crack cocaine. Specifically, § 2 of the Fair Sentencing Act reduced the disparity between the quantities of crack cocaine and powder cocaine required to trigger the statutory penalties prescribed by 21 U.S.C. §§ 841(b)(1) and 960(b). Section 3 eliminated the mandatory minimum sentence for simple possession of crack cocaine in 21 U.S.C. § 844(a).

United States v. Pubien, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020). However, Scott was convicted of conspiring to distribute powder cocaine, not crack cocaine, so § 404 of the First Step Act offers him no relief. See id. at *2 (finding that § 404 of the First Step Act offers no relief for powder cocaine convictions).

Second, § 401 of the First Step Act modified the types of qualifying prior convictions for sentencing enhancements under 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B). Additionally, "First Step Act § 401(a) also changed the mandatory minimum sentence for defendants who have had two or more such prior convictions, from life imprisonment to 25 years." Pubien, 2020 WL 897402, at *3. However, the text of the First Step Act makes clear that these changes are not retroactive. See id. Further, even if § 401 of the First Step Act was

2

retroactive, Scott's sentence was commuted by President Obama to less than twenty-five years. (Doc. 161). Thus, the First Step Act provides no relief.

Scott's Motion for New Trial or in the Alternative Evidentiary Hearing, based on newly discovered evidence, is also due to be denied. Federal Rule of Criminal Procedure 33 allows a court to vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). However, "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). As Scott's guilty verdict was returned in 2004, his motion is untimely.[2]

Accordingly, it is hereby

**ORDERED:**

1. Defendant Gino Velez Scott's Motion to Correct Sentence Guidelines (Doc. 162) is **DENIED**.

2. Defendant Gino Velez Scott's Motion for New Trial or in the Alternative Evidentiary Hearing (Doc. 164) is **DENIED**.

---

[2] The Court also notes that the primary issue raised by Scott in his motion for a new trial has previously been litigated. See supra note 1.

**DONE AND ORDERED** in Jacksonville, Florida this 9th day of March, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

jjb
Copies:

Counsel of record
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant