# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO: 3:03-cr-343-J-32PDB

GINO VELEZ SCOTT            ORDER ON MOTION FOR
                                                           SENTENCE REDUCTION UNDER
                                                           18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

    ☒ FACTORS CONSIDERED

Defendant is a 59-year old inmate incarcerated at Beaumont Low FCI, serving a 264-month term of imprisonment for conspiracy to distribute five kilograms or more of cocaine. (Doc. 109, Judgment; Doc. 161, Notice of Grant of Executive Clemency).[2]

---

[1] The Court assumes that Defendant satisfied § 3582(c)(1)(A)'s exhaustion requirement. The Court determines that oral argument is not necessary.

[2] The Court originally sentenced Defendant to a mandatory term of life in prison for the controlled substance offense, followed by a consecutive term of 24 months in prison for violating the conditions of supervised release. (Doc. 109; Doc. 67, Information to Establish Prior Convictions; see also United States v. Scott, No. 3:04-cr-18-J-32, Dkt. Entry 15). On January 17, 2017, President Barack Obama commuted Defendant's sentence to a term of 264 months' imprisonment. (Doc. 161 at 4).

According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on December 3, 2021. Defendant seeks compassionate release because of the Covid-19 pandemic and because he has hypertension (Doc. 178 at 10) and obesity, as measured most recently by a body mass index (BMI) of 36.15 (Doc. 188 at 2; Doc. 194 at 3). [3] Defendant also mentions that he has sleep apnea, pre-diabetes, hyperlipidemia, glaucoma, and a history of pneumonia and bronchitis (Doc. 188 at 2-3), but he focuses on hypertension and obesity.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

According to the CDC, obesity increases the risk of severe illness from Covid-19. High blood pressure may increase the risk of severe infection as well.[4]

---

[3]   The Centers for Disease Control (CDC) define obesity as having a BMI of 30.0 or greater. https://www.cdc.gov/obesity/adult/defining.html. The CDC divides obesity into three categories: Class 1 obesity (BMI of 30 but less than 35), Class 2 obesity (BMI of 35 but less than 40), and Class 3 or "severe" obesity (a BMI of 40 of greater).

[4]   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The CDC does not identify any of Defendant's other conditions, such as hyperlipidemia, as a risk factor for serious illness.

> However, neither of these conditions is extraordinary. According to the CDC, 108 million adults in the United States (nearly 45%) have high blood pressure or take medication for the condition.[5] Similarly, as of 2017-2018, 42.4% of American adults are obese.[6] Assuming federal prisoners experience these conditions at about the same rate as the general population, if either one qualified as an extraordinary and compelling reason, roughly half the prison population would be eligible for compassionate release.

United States v. Hayes, No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. Fla. July 2, 2020) (footnotes in original and renumbered). To the extent Defendant suffers from hypertension, the medical records reflect that his condition is controlled through medication (hydrochlorothiazide (HCTZ), metoprolol, and losartan). (Doc. S-181, Medical Records at 16). To the extent Defendant is overweight, his BMI of 36.15 indicates moderate obesity, and his condition appears to be stable.[7] There is no indication Defendant has suffered a heart attack, stroke, or a similar complication.[8] Even assuming that obesity of any degree is a serious physical condition under U.S.S.G. § 1B1.13, cmt. 1(A)(ii), the evidence does not show that Defendant is among

---

[5] https://www.cdc.gov/bloodpressure/facts.htm.

[6] https://www.cdc.gov/obesity/data/adult.html

[7] Based on cases cited in Defendant's reply brief of September 1, 2020 (Doc. 194), the Court directed the United States to clarify its position on whether obesity qualifies as an extraordinary and compelling circumstance (Doc. 195). The United States has filed a supplemental response clarifying its position on this matter. (Doc. 196). The United States maintains that obesity is not an extraordinary circumstance where, as it argues is the case here, the inmate can recover from it.

[8] Defendant was also considered for home confinement but was deemed ineligible. (Doc. 171-3 at 3). As the warden explained: "The Health Services Department reviewed all inmates based on their medical conditions, to determine which inmates are considered to be at-risk based on COVID-19. You were not identified as an at-risk inmate by the Health Services Department, thus making you ineligible for priority home confinement consideration at this time." (Id.).

the class of inmates most vulnerable to Covid-19.[9]

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant was convicted of a substantial drug offense involving conspiracy to distribute 10 kilograms of cocaine. (Doc. 166, First Step Act Memorandum and Presentence Investigation Report [PSR] at ¶ 18). Defendant committed the instant offense while on supervised release for a prior federal conviction for interstate travel in aid of racketeering, which itself was related to the distribution of kilogram-quantities of cocaine. (Id. at ¶¶ 32, 34). Prior to these convictions, Defendant was convicted on four occasions of various drug felonies, including trafficking cocaine, conspiracy to traffic cocaine, possession of cocaine, and attempted trafficking in cocaine. (Id. at ¶¶ 28-31). Because of his criminal history, Defendant was subject to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A) (2003). His sentence was reduced to 264 months' imprisonment in January 2017 as a matter of executive clemency.

Defendant's prison disciplinary record is also problematic. (Doc. 189-1, BOP Disciplinary Log). On June 26, 2020, Defendant was sanctioned with the loss of 41 days of good conduct time for the possession of a hazardous tool. (Id. at 1). And, in May 2019, October 2017, as well as February 2013, Defendant was sanctioned for

---

[9] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

assaulting a fellow inmate or staff member without serious injury. (Id. at 1-2). Defendant contends that "despite his criminal record and disciplinary infractions, the President saw fit to commute his sentence," (Doc. 194 at 9), but this ignores that Defendant committed the three most recent disciplinary infractions after the President commuted his sentence.[10] That Defendant committed the instant offense while on supervised release further suggests that supervision may not be adequate to prevent him from reoffending.

Defendant is scheduled to be released from prison on December 3, 2021. In view of all the § 3553(a) factors, reducing Defendant's sentence would not be consistent with the statutory purposes of sentencing at this time. Accordingly, upon review of the record, Defendant Gino Velez Scott's pro se Motion for Compassionate Release (Doc. 171) and supplemental motions for compassionate release (Docs. 178, 188) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of October, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies:
Counsel of record
Defendant

---

[10] Defendant states that according to BOP officials, Defendant's "interaction with staff and inmates is appropriate and no management concerns are noted at this time," (Doc. 194 at 9), but he does not offer context for the statement, when it was made, or cite where this appears in the record.

5